IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, GREGORY W. THORPE, *et al.* <br> Plaintiffs <br><br> v. <br><br> GLAXOSMITHKLINE PLC, *et al.* <br> Defendants | CASE NO. 03-10641-NG-RWZ <br> CASE NO. 11-10398-NG-RWZ <br><br> **FILED UNDER SEAL** |

## MOTION FOR LIFTING OF SEAL
## TO PURSUE §3730(h) CLAIMS

Plaintiffs Gregory W. Thorpe and Blair Hamrick, by their undersigned counsel, hereby move this Court for relief from the seal in their False Claims Act case for the reasons set forth below.

Thorpe and Hamrick initiated their False Claims Act case against GlaxoSmithKline ("GSK") in the District of Colorado in January 2003. Their case was transferred to the District of Massachusetts in 2011 and was assigned the case number 11-10398. For administrative purposes, case number 11-10398 was administratively consolidated with a related case at case number 03-10641. This motion seeks relief only with respect to case number 11-10398 and not with respect to case number 03-10641.

Thorpe and Hamrick were formerly employed by GSK as senior sales representatives. Neither has been able find to employment as a senior pharmaceutical sales representative since their discharge by GSK. As a result, they have experienced financial distress and continue to do so.

4631630

Thorpe and Hamrick have asserted employment retaliation claims against GSK under 31 USC §3730(h), which remain under seal at this time. To the best of Thorpe and Hamrick's knowledge, the seal was last extended on or before November 4, 2011, without prior notice to them and without their consent. Thorpe and Hamrick do not now know when the seal expires.

Being informed that GSK and the Government were close to finalizing the settlement of the FCA claims, Thorpe and Hamrick sent demand letters regarding their §3730(h) claims to outside counsel for GSK and invited settlement discussions. The demand letters were forwarded to GSK, on March 19, 2012. On April 17, 2012, Thorpe and Hamrick asked GSK's outside counsel for a contact within GSK with whom they could discuss their §3730(h) claims.

On April 25, 2012, GSK's counsel rejected Thorpe and Hamrick's settlement demands related to their §3730(h) claims.

When Relators agreed, more than six months ago, that the proposed settlement of the FCA claims against GSK was fair and reasonable, it was with the hope and expectation that the settlement would be consummated quickly thereafter. Had the settlement been consummated in the first quarter of 2012, the financial distress of Thorpe and Hamrick would have been abated, as would the urgent need to pursue relief in this matter under the retaliation claims. As things stand, however, there is still no definitive end point in this matter and their financial distress continues to worsen. Although they are informed that a final settlement of the FCA claims is expected in June, Relators do not know when a settlement will finally be concluded.

Under the circumstances, Relators must be permitted to proceed with their 3730(h) claims, and they desire the Court to unseal their Seventh Amended Complaint for the purpose of serving their complaint on GSK and prosecuting their 3730(h) claims against GSK. Even if the facts underlying the 3730(h) claims overlap with the facts underlying the FCA claims, there is no cause for sealing any of the proceedings concerning Relators' 3730(h) claims.

Indeed, there is no longer cause for continuing the seal as to the FCA claims in this case. The investigation phase of this case is long over. The subject of settlement was broached as early as 2008. The Department of Justice took the depositions of Thorpe and Hamrick in 2008 and asked for permission to use them in settlement discussions with GSK. GSK was provided with a redacted copy of the complaint in 2009 to facilitate settlement discussions. If a final settlement is not reached in this matter soon, it must be unsealed for trial purposes. Either way, it is time for the case to be unsealed.

The seal in this case has continued for more than nine years. Notwithstanding that the seal is authorized by a federal statute, Congress could not have foreseen or intended that an FCA case would remain sealed for nine years. Relators Thorpe and Hamrick have long felt that the seal in this case should be lifted out of concern for the safety of those receiving off-label prescriptions of the drugs named in their complaint. Despite those concerns, Relators have cooperated with the Government's numerous requests for extensions of the seal in the past. After all this time, Relators should be permitted to pursue their personal claims against GSK without fear of violating a seal whose purpose has expired.

Prior to filing this motion, undersigned counsel conferred with Assistant United States Attorney Sara Bloom, who is in charge of the investigation of the claims in this case on behalf of the United States; with outside counsel for GSK, Geoffrey Hobart; and with counsel for Relators Gerahty and Burke in Case No. 03-0641, Erica Kelton, in accordance with Local Rule 7.1(a)(2). The parties have been unable to resolve their differences.

THEREFORE, Plaintiffs respectfully request that this Court:

1. Order Thorpe and Hamrick to serve a copy of this motion on counsel for GlaxoSmithKline and counsel for Relators Gerahty and Burke in Case No. 03-10641, in addition to the United States.

2. Order that the Seventh Amended Complaint of Thorpe and Hamrick at Case No. 11-10398 be unsealed.

3. Order that Thorpe and Hamrick may proceed to prosecute their §3730(h) claims against GSK by serving their Seventh Amended Complaint upon GSK.

4. Order that all other documents heretofore filed in the matter of <u>US ex rel. Thorpe and Hamrick v. GlaxoSmithKline</u> (Case No. 11-10398) be unsealed, and that all documents to be filed in the future concerning Relators' 3730(h) shall not be filed under seal.

Respectfully submitted,

*/s/ Matthew J. Fogelman*
Matthew J. Fogelman, BBO# 653916
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
mjf@fogelmanlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2012, I caused to be served and delivered via electronic mail a true and correct copy of the foregoing Motion upon the following:

Sara Bloom, Esquire
sara.bloom@usdoj.gov
Assistant United States Attorney

*s/ Matthew J. Fogelman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, GREGORY W. THORPE, *et al.*<br>Plaintiffs<br><br>v.<br><br>GLAXOSMITHKLINE PLC, *et al.*<br>Defendants | CASE NO. 03-10641-NG-RWZ<br>CASE NO. 11-10398-NG-RWZ<br><br>**FILED UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LIFTING OF SEAL**

Thorpe and Hamrick request relief from the seal for the purpose of serving their complaint on GSK and prosecuting their employment retaliation claims against GSK.

The False Claims Act, 31 U.S.C. §3730(b)(2) and (b)(3), provides that a private qui tam complaint shall be filed under seal for at least sixty days and that the seal may be extended thereafter for good cause at the request of the United States. Relators Thorpe and Hamrick have long felt that the seal in this case should be lifted out of concern for the safety of those receiving off-label prescriptions of the drugs named in their complaint. Despite those concerns, Relators have cooperated with the Government's numerous requests for extensions of the seal in the past. However, to the best of Thorpe and Hamrick's knowledge, the seal was last extended on or before November 4, 2011, without prior notice to them and without their consent.

Thorpe and Hamrick initiated their False Claims Act case against GlaxoSmithKline ("GSK") almost ten years ago.[1] They were formerly employed by GSK as senior sales

---

[1] Thorpe and Hamrick initiated their False Claims Act case against GSK in the District of Colorado in January 2003. Their case was transferred to the District of Massachusetts in 2011 and was assigned the case number 11-10398. For administrative purposes, case number 11-10398 was administratively consolidated with a related case at case number 03-10641. This motion seeks relief only with respect to case number 11-10398 and not with respect to case number 03-10641.

4631630

representatives. Neither has been able find to employment as a senior pharmaceutical sales representative since their discharge by GSK. As a result, they have experienced financial distress and continue to do so.

When Relators agreed, more than six months ago, that the proposed settlement of the FCA claims against GSK was fair and reasonable, it was with the hope and expectation that the settlement would be consummated quickly thereafter. Had a settlement been consummated in the first quarter of 2012, the financial distress of Thorpe and Hamrick would have been abated, as would their now urgent need to pursue relief under the retaliation claims. As things now stand, however, there is no definitive end point in this matter, and the financial distress of Thorpe and Hamrick continues to worsen. Although they are informed that a final settlement of the FCA claims is expected in June, Relators do not know when a settlement will finally be concluded.

Under the circumstances, Relators must be permitted to proceed with their 3730(h) claims against GSK. To do so, they must obtain relief from the seal to serve their complaint upon GSK. Relators believe there is no cause for sealing the proceedings concerning Relator's 3730(h) claims. Even if the facts underlying the 3730(h) claims overlap with the facts underlying the FCA claims, the seal on the FCA claims no longer serves any substantial purpose. The investigation phase of this case is long over. A final settlement of the FCA claims is due to be announced in June. If a final settlement is not reached, the government must try the case. Either way, it is time for the case to be unsealed.

The seal in this case has continued for more than nine years. Notwithstanding that the seal is authorized by a federal statute, Congress could not have foreseen or intended that an FCA case would remain sealed for nine years. Relators should be permitted to pursue their personal claims against GSK without fear of violating a seal whose purpose has expired.

The law is clear that the seal in a False Claims Act case should continue only as long as good cause exists to continue it. The statute requires a showing of good cause for any extension beyond the initial 60 days. 31 U.S.C. Sec. 3730(b)(3). "The "good cause" requirement of the statute is ... a substantive one, which the government can only satisfy by stating a convincing rationale for continuing the seal." US ex rel. Costa v. Baker & Taylor, Inc., 955 F. Supp. 1188, 1190 (N.D. Cal. 1997) (lifting the seal in a False Claims Act case where the government failed to show good cause for its extension). US ex rel. Alcohol Foundation v. Kalmanovitz, 186 F. Supp. 2d 458, 465 (S.D.N.Y. 2002) (lifting the seal in a False Claims Act case where "the Government's conclusory request did not provide the Court with a showing of 'good cause' or any other rationale for keeping the official record under seal.")

Good cause should address the expressed legislative rationale for the statutory seal, as set forth in the legislative history of the 1986 revisions to the False Claims Act:

> Legislative history reveals that the "overall intent in amending the *qui tam* section of the False Claims Act [was] to encourage more private enforcement suits." S.Rep. No. 345, 99th Cong., 2d Sess. 23-24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5288-89. The government was concerned, however, that *qui tam* claims might overlap with or tip a defendant off to pending criminal investigations. *Id.* at 24, *reprinted in* 1986 U.S.C.C.A.N. at 5289. Thus, the sixty-day sealing period, in conjunction with the requirement that the government, but not the defendants, be served, was "intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *Id.* A secondary objective was to prevent defendants from having to answer complaints without knowing whether the government or relators would pursue the litigation. *Id.*

Pilon v. Martin Marietta Corp., 60 F. 3d 995, 998-99 (2nd Cir. 1995). Accord, US ex rel. Lujan v. Hughes Aircraft Co., 67 F. 3d 242, 245 (9th Cir. 1995) ("The seal provision [balances the interests of the relator and the government] by allowing the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity

to study and evaluate the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation.").

Here, the purposes expressed in the legislative history have already been accomplished, and the seal appears to have been prolonged in order to facilitate settlement negotiations. As noted in the Costa case, supra, facilitating settlement negotiations "clearly falls outside the rationale for the statutory seal provision. Congress enacted the seal provision to facilitate law enforcement, not to provide an extra bargaining chip in settlement negotiations." Costa, supra, 955 F. Supp. at 1191.

In American Civil Liberties Union v. Holder, 652. F. Supp. 2d 654, 664 (E.D. Virginia 2009), the Court upheld the constitutionality of the statutory seal in part because it is narrowly tailored to serve a compelling government interest "in preserving the secrecy of law enforcement investigations into fraud against the government."

> To extend the seal the government must move the court for an extension of time and support the motion with affidavits or other material submitted *in camera* showing good cause for the extension. 31 U.S.C. § 3730(b)(3). Congress clearly did not intend this provision to cause long delays in litigation. In the legislative history Congress stated that courts should "carefully scrutinize any additional Government requests for extensions by evaluating the Government's progress with its criminal inquiry. The Government should not, in any way, be allowed to unnecessarily delay lifting of the seal from the civil complaint or processing of the qui tam litigation." S. Rep. 99-345, 1986 U.S.C.C.A.N. 5266, 5290.

ACLU, supra, 652 F. Supp. 2d at 665.

Notwithstanding the existence of the seal, the defendant in this case has been aware of the criminal investigation and the nature of the allegations and evidence supporting the civil case for several years. GSK was provided with a redacted copy of the complaint in 2009 to facilitate settlement. Accordingly, the expressed legislative purposes for continuing the seal in this case no longer exist and there is no impediment to lifting the seal.

For the foregoing reasons, Thorpe and Hamrick respectfully request that the Court grant their motion for relief from the seal in Case No. 11-10398.

Respectfully submitted,

*(signature)*

Matthew J. Fogelman, BBO# 653916
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
mjf@fogelmanlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2012, I caused to be served and delivered via electronic mail a true and correct copy of the foregoing Motion upon the following:

Sara Bloom, Esquire
sara.bloom@usdoj.gov
Assistant United States Attorney

*s/ Matthew J. Fogelman*